IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAD AARON RENNINGER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 25-1819 |
| | ) | |
| v. | ) | District Judge Susan Paradise Baxter |
| | ) | Magistrate Judge Maureen P. Kelly |
| CLARION COUNTY DISTRICT | ) | |
| ATTORNEY; | ) | ECF No. 6 |
| SCI ALBION; *and* | ) | |
| THE ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion for Post Conviction Collateral Relief, ECF No. 6, be construed as a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, and dismissed for lack of subject matter jurisdiction. It is further recommended that a certificate of appealability be denied

### II. REPORT

Chad Aaron Renninger ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"). This case was initiated on November 24, 2025, with the receipt of the Petition. ECF No. 1.

In the Petition, Petitioner complains of his criminal conviction at Docket No. CP-16-CR-171-2017 in the Court of Common Pleas of Clarion County, Pennsylvania. ECF No. 6 at 1. This is the same criminal conviction for which he previously sought federal habeas relief in Renninger v. Oliver, No. 22-76E (W.D. Pa. filed Feb 28, 2022). See No. 22-76E, ECF No. 6 at 1. That Petition was denied on the merits on June 6, 2025 by the United States District Judge Susan

1

Paradise Baxter, as was a certificate of appealability. See generally No. 22-76E, ECF Nos. 37 and 43.

28 U.S.C. § 2254 allows a person in custody due to the judgment of a state court to seek a writ of habeas corpus based "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). However, with the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996, Congress chose to enact gatekeeping provisions in order to limit the number of prisoners filing multiple petitions for the writ. The AEDPA provides, in relevant part:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, *the applicant shall move in the appropriate court of appeals* for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A) (emphasis added).

As stated above, Petitioner seeks habeas relief from the same criminal conviction in the present matter that he attacked in No. 22-76E. As such, the present Petition is "second or successive" under the meaning of the statute Cf. Munchinski v. Wilson, No. 07-1712, 2009 WL 2750254, at *3-5 (discussing second and successive petitions). Petitioner provides no indication that he has been granted leave to proceed by the United States Court of Appeals for the Third Circuit, and a search of that court's electronic filing system by Petitioner's name does not show that any such permission has been granted. As a result, this Court lacks subject matter jurisdiction to address the claims that Petitioner has raised in his Petition. See Burton v. Stewart, 549 U.S. 147 (2007); see also Goldblum v. Klem, 510 F.3d 204, 217 (3d Cir. 2007).

A certificate of appealability should be denied because jurists of reason would not find it debatable whether this Court has jurisdiction to proceed with this case. See, e.g., Slack v.

McDaniel, 529 U.S. 473 (2000). (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural basis).

## III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Petition be dismissed, and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: February _13_, 2026

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Susan Paradise Baxter
       United States District Judge

       CHAD AARON RENNINGER
       NL 4976
       SCI ALBION
       10745 ROUTE 18
       ALBION, PA 16475-0001

3